UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEE COLEMAN-BEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:23-CV-00298 RLW ) |
| CHRISTOPHER EDWARD MCCRAUGH, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Self-represented plaintiff Larry Lee Coleman-Bey brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. As discussed below, plaintiff is subject to the three strikes rule, 28 U.S.C. § 1915(g). Accordingly, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the South Central Correctional Center in Licking, Missouri. On July 29, 1999, following a jury trial, plaintiff was convicted of three counts of first-degree robbery, one count of attempted robbery, four counts of armed criminal action, one count of possessing a defaced firearm, and one count of first-degree trespass. *State of Missouri v. Coleman*, No. 22981-02676-01 (22nd Jud. Cir., State of Missouri).[1]

---

[1]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988,

On August 27, 1999, he was sentenced to an aggregate term of 95 years' imprisonment. Plaintiff's conviction and sentence were affirmed on September 18, 2000. *State of Missouri v. Coleman*, No. ED76933 (Mo. Ct. App. 2000). Plaintiff's subsequent motion for rehearing was denied, as was his application to transfer to the Missouri Supreme Court.

Following his direct appeal, plaintiff filed a postconviction motion under Rule 29.15 in the Missouri Circuit Court. *Coleman v. State of Missouri*, No. 2201P-04093 (22nd Jud. Cir., State of Missouri, Feb. 16, 2001). The motion was denied on April 29, 2003, and plaintiff filed a notice of appeal. The Missouri Court of Appeals affirmed the denial of plaintiff's motion on March 23, 2004, and issued its mandate on April 27, 2004. *Coleman v. State of Missouri*, No. ED83050 (Mo. Ct. App. 2004).

On April 18, 2005, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Coleman v. Roper*, No. 4:05-CV-613-TCM (E.D. Mo.). The petition was denied on the merits and the action was dismissed on May 6, 2008.[2] Plaintiff sought leave to appeal, but the United States Court of Appeals for the Eighth Circuit denied his application for a certificate of appealability on October 28, 2008. *Coleman v. Roper*, No. 08-2241 (8th Cir. 2008). Plaintiff filed a motion for relief in this Court on January 26, 2009, which was denied the following day. *Coleman v. Roper,* No. 4:05-CV-613-TCM (E.D. Mo.). He filed a notice of appeal on February 4, 2009. The United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment on April 29, 2009. *Coleman v.*

---

991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2]Plaintiff sought relief on seventeen grounds. The Court found that all but two of plaintiff's grounds were procedurally barred. The remaining two grounds were determined to be without merit.

*Roper*, No. 09-1289 (8th Cir. 2009). The United States Supreme Court denied his petition for writ of certiorari on May 18, 2009. *Coleman v. Roper*, No. 08-9555 (2009).

On January 31, 2017, plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Missouri. *Coleman v. Cassady*, No. 17-0087-CV-W-BCW-P (W.D. Mo.). The Western District transferred the case to the United States District Court for the Eastern District of Missouri on January 4, 2022. This Court dismissed plaintiff's application for writ as successive on March 8, 2022. *Coleman v. Buckner,* No. 4:22-CV-00125 JMB (E.D. Mo).

## The Complaint

Plaintiff, an inmate at South Central Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 against the state court judge currently assigned to his 1998 criminal case, Christopher McGraugh, as well as the state court judge who denied his petition for writ of mandamus, Cristian Stevens. [ECF No. 1]. He states that he is bringing this action against defendants in both their individual and official capacities.

Plaintiff alleges that his civil rights were violated when Judge McGraugh denied his motions for speedy trial, default judgment, relief from judgment, to set aside judgment and to void the judgment without a hearing on June 14, 2022. *State of Missouri v. Coleman*, No. 22981-02676-01 (22nd Jud. Cir., State of Missouri). He asserts that after the denial of his prior motions, he filed another motion to set aside the judgment on July 18, 2022, and he then filed a civil rights complaint in his criminal case on August 2, 2022. *Id*. However, Judge McGraugh failed to rule on either filing. As a result, plaintiff filed a petition for writ of mandamus in the Missouri Court of Appeals on September 22, 2022, over which Judge Stevens presided. *Coleman v. McGraugh*, No. ED111001 (Mo. Ct. App. 2022). Plaintiff claims that defendant Stevens "acted above the law" and "sided with the defendant Christopher E. McGraugh" in denying his petition for writ of mandamus.

Plaintiff's action was summarily denied by Judge Stevens on October 11, 2022. *Id.* Plaintiff states he is under imminent danger because of the State of Missouri's lack of jurisdiction over this matter; thus, "[his] illegal confinement."

For relief, plaintiff seeks over forty million dollars, "damages from default judgment," which the Court interprets as release from confinement, and a "hearing on all motions filed in the Circuit Court of St. Louis."

## Discussion

### A. Three Strikes Dismissal Grounds

Plaintiff is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.[3]  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee for their case to proceed. *Lyon v. Krol,* 127 F.3d 763, 764 (8th Cir. 1997).

Plaintiff has accumulated more than three strikes under this provision. As a result, this Court is unable to permit plaintiff to proceed in forma pauperis in this matter unless the "imminent

---

[3]*Coleman v. Hoehenberg*, No. 4:00-CV-1855 RWS (E.D. Mo); *Coleman v. St. Louis Cnty.,* No. 4:94-CV-2077 GFG (E.D. Mo); *Coleman v St. Lous County*, 4:94-CV-612 SNL (E.D. Mo); *Coleman v. Thebeau,* No. 4:94-CV-329 DDN (E.D. Mo); and *Coleman v. Delo,* No. 4:92-CV-2500 SNL (E.D. Mo).

danger" exception is applicable. 28 U.S.C. § 1915(g). Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050. Furthermore, the imminent danger "exception focuses on the risk that the conduct complained of threatens continuing or future injury." *Id.*

Courts may deny in forma pauperis and find no imminent danger if the claims of imminent danger are "conclusory or ridiculous." *See Ciarpaglini v. Saini*, 352 F.3d at 330-331 (9th Cir. 2003) citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin*, 319 F.2d at 1050 (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.2d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

Plaintiff's complaint comprises eight pages with an additional fifty-eight pages of exhibits. The issues presented in this case relate to plaintiff's displeasure with the post-conviction rulings in his criminal matter in Missouri State Court, presided over by Judge Christopher McGraugh. Plaintiff also takes issue with State Court Judge Cristian Steven's denial of his petition for writ of mandamus when he attempted to take Judge McGraugh to task for failing to grant him an

evidentiary hearing on his post-conviction motions. Plaintiff's history, circumstances, and allegations do not indicate that he is in imminent danger of serious physical injury. Rather, his assertions show that he is contesting his 1998 criminal conviction and the post-conviction processes associated with it.

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

## B. Alternative Dismissal Grounds

### 1. Official Capacity Claims

Plaintiff states that he is bringing this action against defendants in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Judges Christopher McGraugh and Cristian Stevens are Missouri State Court employees. Accordingly, plaintiff's official capacity claims against defendants are claims against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State or its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983"). As such, the claims against defendants McGraugh and Stevens in their official capacities fail to state a claim for relief.

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). See also *Webb v. City of Maplewood*, 2018 WL 2070564, at *1 (8th Cir. 2018) ("The Eleventh Amendment protects states and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the

Eleventh Amendment"). To that end, the State of Missouri is protected from suit by the Eleventh Amendment.

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. The United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the states' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the state's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600. Thus, because a state is not a "person" for the purposes of § 1983, and a suit against the State of Missouri is barred by the Eleventh Amendment, plaintiff's official capacity claims against Judges McGraugh and Stevens are subject to dismissal.

### 2. Individual Capacity Claims

Plaintiff's claims against Judges McGraugh and Stevens in their individual capacities are also subject to dismissal. Missouri State Court judges are entitled to judicial immunity for any claims brought against them in their individual capacity.

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bar a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were

judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762.

The United States Court of Appeals for the Eighth Circuit has explained:

> The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity. In examining these factors, if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a nonjudicial act, because an improper or erroneous act cannot be said to be normally performed by a judge. But if judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority. The relevant inquiry is the nature and function of the act, not the act itself. This means that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge.

*Justice Network, Inc. v. Craighead Cnty*, 931 F.3d 753, 760 (8th Cir. 2019) (internal citations and quotations omitted).

There is no indication that Judges McGraugh and Stevens outside the scope of the general functions normally performed by a judge in the State of Missouri. Therefore, this Court cannot say that these defendants are not entitled to judicial immunity. Thus, defendants are entitled to judicial immunity to suit. And to the extent plaintiff can be understood to ask this Court to review the state court's decisions in his state criminal case, such request is denied. Except for federal habeas corpus petitions, federal district courts lack subject matter jurisdiction over challenges to state court judgments. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) (lower federal courts may not sit in review of a state court decision); *see also Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).

Last, to the extent plaintiff can be understood to seek relief pursuant to 28 U.S.C. § 2254, his request is subject to dismissal because plaintiff's request for relief under 28 U.S.C. § 2254 would be successive. *See* 28 U.S.C. § 2244(b)(1). Here, as noted above, plaintiff filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 18, 2005. The petition

was denied, and the action was dismissed on May 6, 2008. The United States Court of Appeals for the Eighth Circuit denied plaintiff a certificate of appealability. This prior § 2254 petition makes the instant petition second or successive. Indeed, on March 2, 2017, the Court dismissed a purported 28 U.S.C. § 2241 petition as an attempt to file a successive § 2254 petition. And on March 8, 2022, this Court also denied and dismissed a prior § 2254 as successive. To the extent plaintiff seeks to relitigate claims he brought in his original 28 U.S.C. § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that plaintiff seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of March, 2023.